(Reap. Dec. 9546)

## C. A. ANDRES & CO. ET AL. *v.* UNITED STATES

Entry No. 6557, etc.

(Decided on rehearing [not published] December 2, 1959)

*Brooks & Brooks* for the plaintiffs.

*George Cochran Doub,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement, enumerated in schedule "A," hereto attached and made a part hereof, were the subject of my decision in *C. A. Andrews & Co. et al.* v. *United States* of August 27, 1959 (not published). They are before me at this time on rehearing, which was granted pursuant to plaintiffs' motion. *C. A. Andres & Co. et al.* v. *United States,* 43 Cust. Ct. 505, Reap. Dec. 9520.

The cases have been resubmitted on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that the issues in the Appeals to Reappraisement listed in the schedule attached hereto and made a part hereof are the same in all material respects as the issues in the case of *UNITED STATES* v. *FREEDMAN & SLATER, INC.,* 39 Cust. Ct. Reports 717, A.R.D. 77, and that the record in the said case may be incorporated herein.

IT IS FURTHER STIPULATED AND AGREED that the invoice values of the merchandise, less the nondutiable charges as set forth on the invoices and accordingly marked by the Appraiser with the letter "A" in green ink, involved in the cases listed in the schedule attached hereto and made a part hereof are equal to the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, packed ready for delivery, and that the foreign values of such or similar merchandise were no higher.

On the agreed facts and following the cited decision on the law, I find that the proper basis for appraisement of the hides in question is export value, as defined in section 402(d) of the Tariff Act of 1930, and hold that such statutory value for these items is, in each instance, the invoice values, less the nondutiable charges as set forth on the invoices and accordingly marked by the appraiser with the letter "A" in green ink. Judgment will be rendered accordingly.